UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

**FILED**
JAN 29 2010
Clerk, U.S. District and Bankruptcy Courts

William J.R. Embrey,

Petitioner,

v.

The United States et al.,

Respondents.

Civil Action No. **10 0171**

## MEMORANDUM OPINION

Petitioner William Embrey has filed an application to proceed in forma pauperis and a pro se "Petition for a Permanent Injunction against Each of the Named Respondents." The application will be granted and the petition will be dismissed.

Embrey is a prisoner under sentence imposed by the United States District Court for the Western District of Missouri. He is currently incarcerated at the Federal correctional institution in Ashland, Kentucky. In a submission styled a ""Petition for a Permanent Injunction," and emphasizing that it "<u>does</u> <u>not</u> attack [Embrey's] conviction or his sentence[,]" Embrey asks this Court to order "both the United States and its Attorney General and their agents to refrain from continuing their imprisonment" of him. Pet. at 1. Appending a transcript of his guilty plea colloquy, Embrey asserts that the United States never established one of the elements of the offense to which he pled guilty. *See id.* at 5-6.

"[A]s a matter of Congressional intent, prisoners mounting a challenge to the lawfulness of their custody are to proceed by means of habeas." *Chatman-Bey v. Thornburgh*, 864 F.2d 804, 809 (D.C. Cir. 1988). Embrey is a prisoner mounting a challenge to the lawfulness of his

custody; indeed, his bald assertions to the contrary notwithstanding, the petition is a collateral attack on his conviction and sentence. As such, it must first be exhausted as a motion under 28 U.S.C. § 2255 lodged with the sentencing court; only thereafter, and only if the prisoner can show that the remedy under § 2255 is inadequate or ineffective, the challenge can be made under 28 U.S.C. § 2241 as a petition for a writ of habeas corpus lodged in the district court that has personal jurisdiction over the prisoner's immediate custodian. *See* 28 U.S.C. § 2255; *Wilson v. Office of Chairperson, Dist. of Columbia Bd. of Parole*, 892 F. Supp. 277, 279 (D.D.C. 1995) ("[A] decision on a § 2255 motion is ordinarily required before a federal court will entertain a habeas petition."); *Chatman-Bey*, 864 F.2d at 810 "[A] district court may not entertain a habeas corpus action unless it has personal jurisdiction over the custodian of the prisoner. . . . It is also well settled that the appropriate defendant in a habeas action is the custodian of the prisoner.") (internal quotation marks and citations omitted); *see also* slip op., *Embrey v. Cauley*, Civil Action No. 09-cv-78-HRW, 2009 WL 3586253 (E.D. Ky. Oct. 28, 2009) (advising Embrey of his remedies and noting his history of abuse of the remedies in the district courts in the Fifth, Sixth, Seventh and Eighth Circuits, as well as the District of Columbia). As this Court does not have jurisdiction over either a motion filed by Embrey under 28 U.S.C. § 2255 or a petition filed by Embrey for habeas relief under 28 U.S.C. § 2241, Embrey's petition will be dismissed for lack of jurisdiction.

    A separate order of companies, this memorandum opinion.

Date: Jan. 18, 2010

United States District Judge